*Lilly, for appellant.*

---

## J. W. GATE *v.* J. A. ROUSE.

**Pleading—Allegation of Failure to Put in Machinery in Partnership.**

Though a partner, who had agreed to put in certain machinery into a partnership, failed to comply, but disposed of it and bought other machinery of less value, he cannot be held liable in the absence of an allegation in the petition that the specific machinery alluded to was to be put in, nor from which such fact could be inferred.

**Partnership—Failure of One Partner to Comply with Terms.**

One of a firm, who agrees to furnish certain machinery, but who sold same and bought other machinery of an inferior kind and quality, will be held liable for the loss thereby sustained.

**Evidence Must Illustrate Issue.**

Evidence, unless it illustrate some issue made by the pleadings, is not allowable in judicial proceedings.

**Same—Allegations—Proof.**

Without allegations of a breach of agreement, the most positive and direct proof is unavailing.

APPEAL FROM DAVIESS CIRCUIT COURT.

January 21, 1871.

OPINION OF THE COURT BY JUDGE PETERS:

By the terms of the articles of co-partnership, Rouse put into the firm for the purpose of prosecuting the business for which it was formed seven acres of land described in said articles, "his

saw-mill and distillery, and all the fixtures and machinery pertaining thereto, all the cars, machinery and fixtures now (then) owned and used by him in the mining of coal, 3 wagons, 3 yoke of oxen, set of blacksmith's tools, and one pony, all of which is (was) valued and agreed by the parties to be worth *$3,200.*"

"And the said Cate agrees to put into said concern 2 carding machines, one spinning jack, 2 looms, one wool picker, and all the machinery and fixtures belonging to a carding machine, a set of carpenter's tools, and 2 horses, valued and agreed upon between the parties at $1,700, and the said Cate hereby (by said writing) agrees, and binds himself to make up the balance necessary to make him equal with Rouse, to-wit: $750, by the payment of cash or its equivalent." This quotation includes the capital each partner was to furnish according to their estimate, and the terms of their agreement to make them equal. Why they agreed that the carding machines, horses, etc., furnished by Cate, valued at the $1,700, and cash, $750, were to make him equal with Rouse, whose property put into the firm was valued at $3,200, was for them to determine, and is not for the court now to inquire into. But from the language of the written articles we must assume the property put in by each was, at the late of the writing inspected, by the partners respectively, and appropriated to the use of the firm.

Rouse brought this suit, and alleged as breaches on the part of Cate, that he had failed to pay said $750 according to his undertaking in the articles of co-partnership, and had failed to furnish the amount and value of machinery that he was bound to do; that he only put in one loom, about ten dollars worth of carpenter's tools, one spinning jack, that he furnished two carding machines, fixtures, etc., but that they were old, much worn, and of little value; that they were originally constructed for carding cotton, and had to be repaired and changed so as to fit them for carding wool, all of which was done at the cost of the firm, and that the carding machines, fixtures, spinning jack, loom, tools and horses furnished by Cate were not worth more than $875, instead of $1,700 as agreed on by the partners.

He also alleged that the partnership only continued one year, Cate was the active operator, and business partner, kept the books, and received the proceeds of the woolen factory, and coal mining during the time, which amounted to the sum of $1,000, for the

one-half of which defendant was responsible to him, that he was responsible for the $750, the cash part of the capital, which he failed to furnish, and $412, the one-half of such machinery as he undertook and bound himself to furnish, but which he failed to do. And for these sums he prayed judgment.

The right to a recovery was controverted by the answer, and the case was referred to the master to report the state of accounts between the parties, who twice reported that the partners had failed to furnish him with any books, and he had no *data*, from which to make a report, except that he found the $750 cash which Cate was to pay in, to complete his part of the capital, had never been furnished, and that it appeared from the evidence, when the partnership was formed that Cate owned two carding machines, then at the falls of Rough Creek, in Grayson county, one of which he sold to Green after said partnership had been formed for the sum of *$1,054*, as may be seen by reference to Green's evidence, and had purchased a carding machine from one Argyle for $130, which he had substituted in its place, and after deducting the $130 from the price for which he sold the machine to Green, to-wit: $1,054, it left $924, and for the one-half of that sum, or $462, and the $750, making $1,212, with interest from the 1st of December, 1860, he reports as the amount to which Rouse was entitled to a judgment against Cate. To this report Cate filed exceptions. The court below considered that from some evidence in the case in addition to a letter written by Rouse to Cate, that the latter had furnished the firm jeans and linsey manufactured by him at the falls of Rough before the formation of the partnership, and which belonged to him individually, and which he considered as having been put in to supply in part the value of the machinery sold to Green, and reformed the report of the master so as to allow Cate credit for $400, for jeans and linsey furnished by him, and rendered judgment in favor of Rouse against Cate for $992 with interest from the 1st of December, 1860, till paid, and costs, and Cate being dissatisfied with that judgment has appealed to this court.

Certainly the zeal and patience manifested by counsel in the very elaborate examination of witnesses in this case should satisfy the most exacting clients, as doubtless was done in this instance, and the desire to acquire knowledge (such as it is) concerning the difference between *double* and *single* machinery, although not a

word is written in the articles of co-partnership as to whether the machinery was of the one or the other kind, and information in regard to wool pickers, and other articles belonging to such machinery, even down to the kind of bolts with which the machin· ery was put up, may be commendable to those who have tastes in that way, and time to devote to its acquisition. But evidence, unless it illustrates some issue made by the pleadings, is scarcely allowable in judicial proceedings.

Unquestionably, if appellant put the carding machines at Rough Creek into the partnership, when it was formed, and afterwards sold, or disposed of them, or any part of them, he would be accountable to his partner for the one-half of what he received, and if he got less than their value, he might, under certain circumstances, be chargeable with the one-half of their real value. In this case the petition contains no allegation that any of the machinery at the falls of Rough Creek was put into the firm, nor does it contain anything from which the fact can be inferred. There is no allegation that any of the machinery put into the firm was at that place, or had ever been there, and without allegation, the most positive and direct proof would be unavailing. Moreover, there is no allegation that the machinery which actually went into the firm was not the same contemplated and agreed on by the partners at the time they formed the partnership. It is alleged that the machinery, fixtures, etc., were "of greatly inferior value, much worn, and out of repair," etc. Now this may all have been true, and still they may have been the same agreed upon. If they were not the same, it should have been so alleged in positive and direct terms, so as to present no issue, and if they were the same, and they were represented to be, and a fraud had been imposed on they were inferior in quality, or different in character from what appellee, that should have been averred. This is sufficient to show that the allegations of the petition are insufficient to authorize a recovery, for either the sale of that which was at the falls of Rough Creek, or for any defects in the machinery which was put up and used.

And for the want of proper allegations and pleadings appellant is not entitled to anything for jeans, etc., put into the concern, if any he put in, nor for the third carding machine.

Wherefore, the judgment is reversed and the cause remanded with directions to render judgment in favor of Rouse against Cate

for $750, with interest from the 1st of December, 1860, till paid, and costs in the court below, and for further proceedings consistent herewith.

*Sweeny & S.,* for appellant.

*Ray & Hardin,* for appellee.